UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RENEE BOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 1:17-cv-0328 |
| ) | |
| FIVE STAR COMPLETE ) | |
| RESTORATION, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Ms. Renee Bott, hereinafter Ms. Bott, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendant, Five Star Complete Restoration, Inc., hereinafter Defendant, and shows the Court the following:

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and violation Indiana common law by terminating Plaintiff in retaliation for refusing to commit an illegal act. *Slinger v. Federal Exp. Corp.*, 928 F. Supp.2d 1027, 1033 (S.D. Ind. 2013), see also *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 392 (Ind. 1988).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. Bott, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a domestic for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about June 3, 2016, Ms. Bott filed timely charges of disability discrimination in violation of the ADA against the Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2016-02007.

8. On or about November 4, 2016, Ms. Bott received a Notice of Right to Sue from the EEOC for Charge Number 470-2016-02007, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Ms. Bott on or about July 14, 2015.

11. Throughout her employment with Defendant, Ms. Bott met or exceeded Defendant's legitimate expectations of performance.

12. After being employed with Defendant for one (1) month Ms. Bott was given a raise for her performance.

13. Ms. Bott was asked to pad bills that were going to be sent to insurance companies.

14. Ms. Bott did not want to pad the bills.

15. Ms. Bott felt that this request by the Defendant constituted fraud and refused to comply with the request.

16. Ms. Bott was reprimanded by management for not being willing to fraudulently complete the order forms to insurance.

17. The Defendant hired an individual to replace Ms. Bott.

18. Ms. Bott trained the new employee.

19. The new employee was then asked to commit insurance fraud since Ms. Bott would not.

20. On November 4, 2015, Ms. Bott went to Riverview Hospital due to a medical event.

21. Ms. Bott was placed off of work by her doctor for three (3) days due to her medical condition.

22. Ms. Bott was in contact with management while she was at the hospital.

23. Ms. Bott informed management that she would need three (3) days off in accordance with the doctor's note.

24. Ms. Bott returned to her usual duties after taking the three (3) days off of work.

25. Approximately one (1) week after Ms. Bott's medical event the Defendant called her into the office.

26. Management tossed Ms. Bott's medical records at her and told her she was being terminated.

27. The Defendant had illegally obtained Ms. Bott's medical records.

28. The Defendant did not inform Ms. Bott of the reason for her termination.

29. Ms. Bott did not have any discipline or write ups for her performance.

30. Ms. Bott had only been verbally reprimanded for her refusal to perform illegal acts.

31. The Defendant discriminated against Ms. Bott on the basis of her medical conditions/ disabilities that were listed in her medical records.

32. The Defendant terminated Ms. Bott in retaliation for her refusal to commit insurance fraud.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

33. Ms. Bott hereby incorporates by reference paragraphs 1 through 32 as though previously set out herein.

34. At all times relevant to this action, Ms. Bott was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

35. The conduct as described hereinabove constitutes discrimination on the basis of Ms. Bott's disability.

36. Defendant intentionally terminated Ms. Bott due to the information illegally obtained from her medical records, identifying her disabilities.

37. Defendant intentionally terminated Ms. Bott after illegally obtaining her medical records.

38. The Defendant tossed Ms. Bott's medical records at her and informed her she was terminated.

39. Defendant intentionally and willfully discriminated against Ms. Bott because she is disabled and/or because Ms. Bott has a record of being disabled and/or because Defendant regarded Ms. Bott as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

40. Defendant's actions were intentional, willful and in reckless disregard of Ms. Bott's rights as protected by the ADA.

41. Ms. Bott has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATORY DISCHARGE

42. Ms. Bott hereby incorporates by reference paragraphs 1 through 41 as though previously set out herein.

43. Ms. Bott was an employee of Defendant.

44. Ms. Bott was asked by Defendant to perform illegal acts in violation of state and federal laws.

45. Ms. Bott refused to perform the illegal acts that Defendant requested her to perform as they were in violation of state or federal laws.

46. Ms. Bott was verbally reprimanded for her refusal to perform illegal acts.

47. Had Ms. Bott performed the illegal acts that the Defendant requested her to perform she would have been personally liable.

48. The Defendant terminated Ms. Bott for her refusal to commit illegal acts on behalf of the Defendant.

49. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard for the Ms. Bott's rights, engaged in unlawful discriminatory employment practices, materially affecting and altering the terms and conditions of Ms. Bott's employment, in retaliation for her refusal to commit illegal acts; in violation of Indiana Law.

50. Ms. Bott has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Ms. Bott, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Bott her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Ms. Bott all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Ms. Bott all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Ms. Bott, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff